Citation Nr: 1528170 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 12-16 331 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for depression, to include as secondary to the service-connected degenerative joint disease of the bilateral knees.


REPRESENTATION

Appellant represented by: Oklahoma Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

L. Barstow, Counsel

INTRODUCTION

The Veteran had active military service from January 1972 to September 1973.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2010 rating decision of the VA Regional Office (RO) in Muskogee, Oklahoma.

In May 2013, the Veteran testified at a hearing conducted before the undersigned. A transcript of the hearing has been associated with the claims file.

In October 2014, the Board remanded the issue to obtain additional treatment records and an addendum medical opinion. Review of the evidence reveals substantial compliance. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

The Board also referred the issues of petitions to reopen the previously denied claims of service connection for posttraumatic stress disorder (PTSD), back, and bilateral ankle disorders; a rating in excess of 50 percent for bilateral hearing loss; and entitlement to a total rating based on individual employability due to service-connected disabilities (TDIU), which had been raised by the record in an August 2012 statement. As these issues have yet not been adjudicated by the Agency of Original Jurisdiction (AOJ), the Board does not have jurisdiction over them, and they are again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).


FINDING OF FACT

Depressive disorder, not otherwise specified (NOS) is as likely as not caused by the service-connected degenerative joint disease of the bilateral knees.



CONCLUSION OF LAW

The criteria for service connection for depressive disorder, NOS as secondary to the service-connected degenerative joint disease of the bilateral knees have been met. 38 U.S.C.A. §§ 1101, 1110, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.310 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

As the Board is granting the claim in full, no discussion of VA's duties to notify and assist is necessary.

Service connection may be granted for disability resulting from disease or injury incurred or aggravated during active military service. Generally, service connection requires (1) the existence of a present disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. 

Any disability that is proximately due to or the result of a service-connected disease or injury is considered service connected, and when thus established, this secondary condition is considered a part of the original condition. Additionally, any increase in severity of a nonservice-connected disease or injury that is proximately due to or the result of a service-connected disease or injury, and not due to the natural progress of the nonservice-connected disease, will be service connected. However, VA will not concede that a nonservice-connected disease or injury was aggravated by a service-connected disease or injury unless the baseline level of severity of the nonservice-connected disease or injury is established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the nonservice-connected disease or injury. 

Lay assertions may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation.

The Veteran's service treatment records show some psychiatric treatment, but no diagnosis of depression. The only in-service diagnoses were transient situational anxiety and adult situational psychosis following a possible suicidal attempt in May 1973.

Post-service treatment records show that the earliest diagnosis of depression is in May 2005. 

The Veteran was afforded a VA examination in April 2012. He was diagnosed with depressive disorder, NOS. The examiner opined that it was less likely than not to have been caused by the Veteran's military service. The examiner further opined that currently, the Veteran was also depressed about his knee problems because he was in pain and reported not being able to do things he used to be able to do.

An addendum medical opinion was obtained in December 2014. The examiner opined that the Veteran's depression was less likely than not proximately due to or the result of the Veteran's service-connected condition. The examiner opined that it appeared that a number of factors throughout the Veteran's life have likely been of greater significance in his development of depression that his bilateral knee condition had been. However, the examiner also opined that the Veteran's knee condition might account for 15 to 20 percent of his diagnosed depression.

Based on a review of the evidence, the Board concludes that service connection for depressive disorder, NOS as secondary to the service-connected degenerative joint disease of the bilateral knees is warranted. The Veteran is currently service connected for degenerative joint disease of the bilateral knees and the evidence shows that he currently has a diagnosis of depressive disorder, NOS. When affording him the benefit-of-the-doubt, the evidence supports a finding that the Veteran's depressive disorder, NOS is secondary to his service-connected degenerative joint disease of the bilateral knees.
In concluding that service connection on a secondary basis is warranted, of particular importance to the Board is the April 2012 VA examination and December 2014 addendum opinion. As noted above, the April 2012 examiner opined that the Veteran was currently depressed because of his knee problems. The December 2014 opinion shows that the Veteran's current depressive disorder, NOS is at least partly related to his service-connected bilateral knee disability. Although the examiner opined that it was less likely than not that the Veteran's depressive disorder, NOS was caused by his bilateral knee disability, the examiner further opined that the Veteran's knee disabilities accounted for 15 to 20 percent of the Veteran's depression. In this case, the examiner's opinion shows that the Veteran's currently diagnosed depressive disorder, NOS is at least partly due to his bilateral knee disabilities since a percentage of the Veteran's psychiatric disability can be attributed to his service-connected knee disabilities. Taking into account this opinion along with the April 2012 examiner's statement and in affording the Veteran the benefit-of-the-doubt, the evidence supports a finding that the Veteran's depressive disorder, NOS is secondary to his service-connected degenerative joint disease of the bilateral knees. 

Thus, after considering all of the evidence of record, the Board concludes that a finding of service connection is warranted. Service connection for depressive disorder, NOS is, therefore, granted. 


ORDER

Entitlement to service connection for depressive disorder, NOS is granted.



____________________________________________
MILO H. HAWLEY 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs